WILLIAM J. WHITSITT
335 W. CLOVER R
TRACY, CA 95376
(209)221-1405
IN PROPRIA PERSONA

E-filing    ADR

FILED
FEB - 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

WILLIAM J. WHITSITT )
)
)
-------VS------- )
)
)
PERRY TOOL & RESEARCH - EMPLOYER )
)
DAVE BOWA - MY SUPERVISOR )
)
DAVE BURTON - HR MANAGER )
)
OTHER UNNAMED DEFENDANTS )
)
)

C08-00771

COMPLAINT WDB
FOR ADEA CLAIM AND
RETALIATION FOR ADEA
CLAIM AND RETALIATION
FOR CLAIM AGAINST
ANOTHER EMPLOYER

I WILLIAM J. WHITSITT, do hereby come to this the U.S. District Court, a Court who has Original Statutory Jurisdiction by Act of Congress Creating Cause of Action in Federal Courts. The Federal District Court has Original Jurisdiction over Subject Matter of Federal Civil Rights, Territorial Jurisdiction because Named Employer is in Territorial Boundaries of the Northern District of California.

## § 1343. Civil rights and elective franchise

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any

person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section—

(1) the District of Columbia shall be considered to be a State; and

(2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Venue is Correct because Discrimination and Retaliation Acts took place in Hayward California, County of Alameda within the Territorial Venue of the Northern District of California.

The general venue provision is found at 28 U.S.C. § 1391. Venue "is primarily a matter of convenience of litigants and witnesses." See Denver & R. G. W. R. Co. v. Brotherhood of R.R. Trainmen, 387 U.S. 556, 560 (1967); accord Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).

Thus, the Federal District Court for the Northern District of California has Jurisdiction as to Subject Matter ADEA, as to Persons ADEA allows for Jurisdiction over the Parties Persons Named.

## (BRIEF HISTORY AND SUMMARY OF FACTS)

I started with Perry Tool & Research on or about 12-29-06 as a Temporary Employee from Industrial Services a Temp Agency. I worked for approx. 100 days and I was Hired on by Perry Tool and Research, on or about April 1st, 2007.

The Production Manager Dave I don't remember his name, Dave Burton Human Resources Manager and the Secretary Marge all seen the Minute Order which they all asked me about. April 26, 2007. I showed my Supervisor Dave Bowa a Minute Order Ordering me to come to a Hearing at the U.S.D.C. Eastern Dist. Sacramento May 3rd, 2007. Dave seen it was a Discrimination Case with a past employer April 26th, 2007. He starting asking me questions about it immediately. In fact over the next 3 weeks Modesto the Worker he rides back and forth to

work with started asking me every day about it. He (Modesto) told me Dave talks with him about everything at work when they drive home in the evening and the morning when they come to work. I was harassed and Threatened almost daily for the next Month and half until I made a Discrimination Claim with Dave my supervisor and with Dave Burton the Human Resources Manager. I made a verbal Discrimination Claim on May 23, 2007 at 3PM during my normal working hours. Modesto approached me many times over the next month about that Discrimination Suit against another Employer.

My Supervisor Dave Bowa showed a Lot of Concern and Interests because of that Discrimination Claim Filed with another Employer. There are Several other Incidents where he again brought up this Issue.

## (# 1.) - (ADEA DISCRIMINATION.)

The Named Employer Defendant did Attempt to Leave me Laid Off while they Trained and Replaced me with a Considerably Younger Worker from another Department and a Non Probationary Temporary Worker who was also Considerably Younger.

The Facts of Prima Facie Case, I am over (40) Years of Age (53). I Preform my Job for Over 1 year with No Written Warnings or Disciplinary Action and I was told by Dave Burton Human Resources Manager that I was preforming my job Satisfactory. I was Laid Off and a Considerably Younger Worker was brought over from a Different Department and a Temporary Worker where being Trained to Replace me. Factual Allegation and Non-Direct Evidence and Direct Evidence See: **(Exhibit: # A; B, C, D.).** I seen with my own Eyes that a Considerably Younger Worker and Temporary Worker where being Trained to do my Job.

An employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas framework, but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2). The McDonnell Douglas framework--which requires the plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination--is an evidentiary standard, not a pleading requirement. See, e.g., 411 U. S., at 800. The Court has never indicated that the requirements for establishing a prima facie case apply to pleading. Moreover, the McDonnell Douglas framework does not apply where, for example, a plaintiff is able to produce direct evidence of discrimination. See Trans World Airlines, Inc. v. Thurston, 469 U. S. 111, 121. See also: Texas Dept. Of Community Affairs v. Burdine, 450 U. S. 248, 253-254,

n. 6 (1981). See Also: SWIERKIEWICZ v. SOREMA N. A., 534 U. S. 506 (2001).

I have thus, Pleaded a Prima Facie Case of ADEA.

Here are some Brief cuts from the Factual Allegation Notes that I have kept a Record of:

> I did make a Discrimination (ADEA) claim with you on October 11, 2007 at about 12:45 PM. I was laid off for the week and another Considerably Younger Employer Daniela was being trained for my position. I made an Objection and Protest to you for Discrimination in Employment ADEA. When I came down to the Shop you asked Dave Bowa if there was any work for me. Dave Bowa stated at that time that there was No work for me. We both notice that Daniela and a Temporary Employee was being Trained to do my job. I told you that was clear Discrimination and a violation of ADEA. You told me that you would look into and investigate that claim. I have had many Incidents of Harassment and Retaliation for making Discrimination Claims with Dave Bowa my supervisor and you Dave Burton. Now you are Retaliating against me like I was told by Dave Bowa you would be doing.
> I make this Timely OBJECTION and Protest to Discrimination and Retaliation and violation of your own Discrimination Policy.
> I am not even asked to work overtime by Dave since this Harassment begun. Avena stated several times to me Dave did not want me to work overtime. He is doing my loctite job on Friday over time. I Must Protest and Object to this Unfair and Un-Equal Treatment. This is another form of Treatment that is Un-Fair, Un-Just and Retaliatory, Since April 26, 2007, till present time.

I was Clearly Treated Different and more Severe in every circumstance and Benefit of my Employment with Perry Tool & Research. I was Denied Overtime and Not even asked to work Overtime when even the Temp Workers where asked every week. Thus, the other Workers where Treated Favorable over me.

## (# 1A.) - (FAILURE OF EMPLOYER TO INVESTIGATE ADEA AND RETALIATION CLAIMS)

I offer this Court Direct Evidence of this Total Disregard and Indifference to Violation of Federal ADEA; FEHA, which Requires the Employer to Respond to, Investigate, Take Remedial Action to Eliminate all Discrimination Claims. It also further Mandates that the Employer Inform the Employee of Remedial Actions taken. The Named Employer Defendant Clearly Neglected their Legal and Duty and ADEA, FEHA duty to Act, Respond to, Investigate

and Take Corrective Steps to Correct and Resolve Discrimination Claim and to Inform the Employee of Corrective Action Taken. This is Direct Evidence of Violation of ADEA.

> ADEA is designed not only to address individual grievances, but also to further important social policies. <u>Age Discrimination in Employment Act of 1967, § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq. Clinter v. Interstate/Johnson Lane Corp.</u>, 111 S.Ct. 1647, 500 U.S. 20, 114 L. Ed.2d 26.

It Proves that the Named Employer Intentionally and Willfully, Deliberately Acted to Violate ADEA and to Violate FEHA.

> This Chapter ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate Congressional purpose of ending age discrimination in employment. <u>Dartt v. Shell Oil Co.</u>, CA 10 (Okla.) 1976, 539 F.2d 1256, Cert. Granted, 429 US 1089, 97 S. Ct. 1097, Affirmed, 434 US 99, 98 S. Ct. 785, 54 L. Ed. 270. See also: <u>Bassett v. Sterling Drug, Inc.</u>, S.D. Ohio 1984, 578 F. Supp. 1244, Appeal Dismissed, 770 F.2d 165. See also Moses v. Falstaff Brewing Corp., C.A.8 (MO.) 1975, 525 F.2d 92, on remand.

Thus, a Violation of ADEA and FEHA, must be assumed and Construed Liberally as **Intentional, Willful, Deliberate, Wanton** and **Knowing** Acts. The Facts of Prima Facie Case are: I am over (40) (53; I was Qualified to do my Job; Terminated from Employment and Employer Deliberately, Willfully, Knowingly Failed to Respond to, Investigate, Take Corrective Action and Failed to Inform me of Corrective Actions. Direct Evidence in Support of this ADEA Violation Claim see: **(EXHIBIT: #A; B, C, D.)**.

Let Notice be taken here, that I made Discrimination Claims before I was Laid Off Permanently (Terminated), **12:45 PM on October 11, 2007,** I made a verbal Discrimination Claim on **May 23, 2007 at 3PM.** I also Repeated those Claims when I received Termination from Employment on **January 11, 2008 at 1:15 PM. Dave Burton Human Resources Manager**, just laughed and said that there is No Discrimination going on and that he where Not going to investigate those earlier Claims and this current Discrimination Claim. He just Laughed it off like he did before.

THE NAMED EMPLOYER ALSO FAILED TO RESPOND TO, INVESTIGATE, TAKE CORRECTIVE ACTION AND FAILED TO INFORM ME OF CORRECTION ACTION IN RETALIATION CLAIM. SEE: **(EXHIBITS #A, B, C, D.)**.

## ( #1B.) - (DISPARATE IMPACT OR TREATMENT ADEA CLAIM)

I MUST MAKE THIS DISPARATE IMPACT CLAIM UNDER ADEA FOR ACTUAL DISCRIMINATION. If the Employer is allowed to Terminate my Employment and Hire another Less Qualified and Considerably Younger Worker to Replace me under the Guise and Color of At Will Employment then it does create a Disparate Impact and or Treatment Claim. It would Obstruct the Intent of Congress in ADEA. It would mean that an Employer can get around ADEA by just an At-Will Employment Contract and thus Terminate Older over 40 and Replace them with a Considerably Younger Worker. It would Creates a Definite Disparate Impact.

> **Disparate Impact claims are cognizable under the ADEA.** Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq. Katz v. Regents of the University of California, 229 F.3d 831. See also: Age Discrimination in Employment Act of 1967, § 4(a)(l), 29 U.S.C.A. § 623(a)(1). Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 147 L. Ed.2d 105; Hazen Paper Co. v. Biggins, 113 S.Ct. 1701, 507 U.S. 604, 123 L. Ed.2d 338, on remand 30 F:3d 126, certiorari denied in re Biggins, 115 S.Ct. 614, 513 U.S. 1013, 513 U.S. 1013, 130 L. Ed.2d 523, on remand 899 F. Supp. 809, affirmed III F.3d 205, certiorari denied 118 S.Ct. 373, 522 U.S. 952, 139 L. Ed.2d 290.

Let Notice be Taken here, also that I did Not Sign an At-Will Employment Contract with the Named Employer.

## (# 2.) - (RETALIATION FOR DISCRIMINATION CLAIMS)

The Named Employer Did Retaliate against me for Making Several Discrimination Claims. My Own Supervisor (Dave Bowa): Stated to me several times that I would be Laid Off and Replaced with another Worker.

Dave Bowa made the threat that I would be laid off and replaced by another new worker. He made this same threat 5 other times. October 12th, 2007 at approx 6AM, On or about July 16. 2007 at 3:15 PM; On or about July 24th, 2007 at approximately 8:50 AM; Thursday July 26, 2007 at or about 1:30 PM; April 17th, 2007; January 7th, 2008 at 5:30AM.

On January 10, 2008, the Named Employer did carry out their threat to Lay me Off for making Discrimination Claims as my Supervisor Dave Bowa Stated.

To establish a prima facie case using circumstantial evidence, the employees must demonstrate that they were (1)members of the protected class (at least age 40); (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications. Nidds v. Schindler Elevator Co., 113 F.3d 912, 917 (9th Cir. 1997); FEHA.

1] Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C.A. 2000e-3(a). To succeed in a retaliation claim, Folkerson must demonstrate (1) that she was engaging in protected activity/opposition, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision. Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994). ADEA.

Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees . . . because the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C.S 2000e-3(a). Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994); Green v. Clarendon County School Dist. Three, D.S.C.1996, 923 F. Supp. 829; See Also: Holt v. Lewis, N.D. Ala.1995, 955 F. Supp. 1385, affirmed 109 F.3d 771, certiorari denied 118 S.Ct. 67, 522 U.S. 817, 139 L.Ed,2d 29.

The Named Employer and Supervisor Dave Bowa did Intentionally Retaliate against me for making a Discrimination (ADEA) Claims. They did act with Intent, on Willful, Deliberate and Wanton Retaliation, with Total Indifference to and Disregard for Anti Retaliation Laws and my Civil and Constitutional Rights. The Employer (Human Resources Manager) Failed his Law Required Duty to Respond to, Investigate, Take Corrective Action and to Inform me of the Action being taken to Correct Retaliation and Discrimination Claims. This Proves a Wanton, Intentional and Willful Intent to Retaliate and to Violate Federal Law and my Civil Rights. **Prima Facie Case Requirement:** I made Several Discrimination Claims, I was told Several times by Dave Burton HR Manager that I was Preforming my job Satisfactory. I was

Terminated and Faced Harassment and Hostile Work Environment, I was Told by my Supervisor Dave Bowa that I would be Laid Off Several Times and the Dave Burton Failed Investigate Discrimination and Retaliation Claims. The Employer Retaliated against me for Discrimination Claims. I Made Verbal Complaints about the Harassment, Treatment on **May 23, 2007, October 11th, 2007, October 18, 2007,** Tried to make another Complaint **January 9, 2008** but Dave Burton stated to me that he would meet with at my work station but he never Showed Up.

## (# 2A) - (RETALIATION FOR DISCRIMINATION CLAIM AGAINST ANOTHER EMPLOYER.)

I believe the Named Employer and Supervisor Dave Bowa, engaged in Retaliation because I have a ADEA and Retaliation Suit against another past Employer. Dave Bowa my Supervisor took a great Concern and Treated me very severely because he found out about that ADEA action against another past Employer.

> The Production Manager Dave I don't remember his name, Dave Burton Human Resources Manager and the Secretary Marge all seen the Minute Order which they all asked me about. April 26, 2007. I showed my Supervisor Dave Bowa a Minute Order Ordering me to come to a Hearing at the U.S.D.C. Eastern Dist. Sacramento May 3rd, 2007. Dave seen it was a Discrimination Case with a past employer April 26th, 2007. He starting asking me questions about it immediately. In fact over the next 3 weeks Modesto the Worker he rides back and forth to work with started asking me every day about it. He (Modesto) told me Dave talks with him about everything at work when they drive home in the evening and the morning when they come to work. I was harassed and Threatened almost daily for the next Month and half until I made a Discrimination Claim with Dave my supervisor and with Dave Burton the Human Resources Manager. I made a verbal Discrimination Claim on May 23, 2007 at 3PM during my normal working hours. Modesto approached me many times over the next month about that Discrimination Suit against another Employer. I was approached at least 2 times per week from April 26th, 2007 till July of 2007, by Modesto doing Dave Bowa's dirty work of talking to me about the Discrimination Claim against Dave Bowa and that other Employer. *"He also stated that Perry is just going to get rid you one day soon."*

I received a lot Harassment from day until the Present Termination from the Named Employer. Dave would bring that up every time something out of the ordinary would happen. His Favorite line from that April 26th, 2007, I don't think you can do the job. No matter

how well I did my Job with almost Zero Rejects and Problems. I was told I could Not do Job, because he had it for me because of Past Discrimination Claim with a past Employer and him. I also made a Retaliation Claim against him and he knew about that. I told him with all Harassment and Ill-Will and Spite shown against me that he was headed for a Discrimination against him. I talked with him several times about a Discrimination Claim if he Doesn't Stop the Hostilities against me. I was Harassed for everything out of the Ordinary. I was Treated with this Contempt. I was Treated with this Contempt and Harassment because Willful, Deliberate and Intentional Ill-Will, Spite and Dishonor in Retaliation for that Discrimination Against another Employer. I was Threatened with being Fired, Terminated, and treated as Undesirable all in Retaliation for a Discrimination suit against another past Employer. I don't know if Dave Burton was Involved in the Earlier Retaliation. I just Know they carried out their Threat to Lay me Off (Terminate my Employment). My Employment was Not Terminated because of Business Necessity it was Terminated in Retaliation for Discrimination Claim and Discrimination Claims against another Past Employer that is Still being Litigated in the District Court for the Eastern District.

When I was told my Employment with Perry Tool & Research by Dave Burton, he stated to me that Dave Bowa my Supervisor stated to him that I was Not able to do the Job. Dave Burton told me he asked Dave Bowa my Supervisor I looked at Dave Burton and you could see the Deceit and Malice, Intent on Fabrication of Facts in his face and eyes. I believe without a Doubt that this was a Complete Fabrication and Lie of Facts. This was because Dave Bowa had it in for me to Retaliate against me. They had to invent something that would look legitimate in their Quest to Retaliate against me and make it look like

Business Necessity. Their Quest started about almost 9 months prior to their Termination my Employment. Thus Negating Business Necessity Defense for Retaliation and ADEA. Their Acts and Intent on Discrimination and Retaliation started well before Ending in Termination. The Threats that Dave Bowa had made many times was Now being carried out.

> Dave Bowa made the threat that I would be laid off and replaced by another new worker. He made this same threat 5 other times. October 12th, 2007 at approx 6AM, On or about July 16. 2007 at 3:15 PM; On or about July 24th, 2007 at approximately 8:50 AM; Thursday July 26, 2007 at or about 1:30 PM; April 17th, 2007; January 7th, 2008 at 5:30AM.

Modesto even Confirmed that same Threat from Dave Bowa. *"He also stated that Perry is just going to get rid you one day soon."*

Facts of Prima Facie Case of Retaliation. I Suit is Pending against another Past Employer and the Named Employer Found out about it. I was told several times by Dave Burton the H.R. Manager that I was Preforming my Job Satisfactory. I was Threatened, Harassed, Treated Differently, then Terminated from my Employment as they Threatened to do.

> Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C.A. 2000e-3(a). To succeed in a retaliation claim, Folkerson must demonstrate (1) that she was engaging in protected activity/opposition, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision. Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994). ADEA.
>
> Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees . . . because the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C.S 2000e-3(a). Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994); Green v. Clarendon County School Dist. Three, D.S.C.1996, 923 F. Supp. 829; See Also: Holt v. Lewis, N.D. Ala.1995, 955 F. Supp. 1385, affirmed 109 F.3d 771, certiorari denied 118 S.Ct. 67, 522 U.S. 817, 139 L.Ed,2d 29.

I told the H.R. Manager Dave Burton about this problem several times. I was Definitely Treated differently and more severely than any other worker by the Named Defendants. I was Terminated Laid Off Permanently from my Employment as they Threatened to do Several times.

# ( #3. ) - (INDIVIDUALLY NAMED DEFENDANTS UNDER FEHA)

I have Named Dave Bowa, Dave Burton as Individually Named Defendants as to their Individual Acts of Retaliation in Violation of California Public Policy. I have Not Named them Individually for ADEA Claims and other Retaliation Claims. I have Named them for their Acts of Retaliation against me for Making Discrimination Claims and Retaliation for making Discrimination and Retaliation Claim against a Past Employer. This Violates California Public Policy and I have the Common Law Right to sue them Individually for their Retaliatory Acts.

> Although the foregoing cases were decided prior to Reno v. Baird, supra, 18 Cal.4th 640, there are later cases as well. The Ninth Circuit held in 2001 that Reno v. Baird does not apply to a retaliatory termination claim against an individual supervisor under the FEHA because a different statute is involved. (Winarto v. Toshiba America Electronics Components, (9th Cir. 2001) 274 F.3d 1276, 1288.) In contrast to the discrimination provision at issue in Reno v. Baird, which applies only to "an employer" (§ 12940, subd. (a)), the retaliation provision of the FEHA, applies to "any employer, labor organization, employment agency, or person" (§ 12940, subd. (h)). fn. 2 The Ninth Circuit found the difference in statutory language dispositive and concluded that an individual supervisor may be held personally liable for retaliation under the FEHA. The court noted that "[e]very federal district court that has considered this issue since Reno has concluded that Reno does not apply to retaliation. E.g., Peterson v. Santa Clara Valley Medical Center, 2000 WL 98262 (N.D. Cal.2000); Soo v. United Parcel Serv., Inc., 73 F .Supp. 2d 1126 (N.D. Cal.1999); Liberto-Blanck v. City of Arroyo Grande, 33 F. Supp.2d 1241 (C.D. Cal.1999); Kaminski v. Target Stores, 1998 WL 575097 (N.D. Cal.1998)." (Winarto v. Toshiba America Electronics Components, supra, 274 F.3d at p. 1288.) In each case, Reno v. Baird was distinguished on the basis of the difference in the statutory language regarding retaliation and the reference to "person" indicating a legislative intent to allow individual liability for retaliatory acts by supervisors. We agree with these cases and therefore conclude that Reno v. Baird, supra, 18 Cal.4th 640 is not controlling as to a cause of action for retaliation. Winarto v. Toshiba America Electronics Components, supra, F.3d at p. 1288.

Let Judicial Notice be taken here that, I don't have to Exhaust all Administrative Remedies before bringing suit against Individually Named Defendant Supervisor and H.R. Manager.

> Appellant also contends that his cause of action is not barred by the failure to exhaust administrative remedies because Rojo v. Kliger, (1990) 52 Cal.3d 65 makes it clear that the exhaustion rule does not apply to common law causes of action for wrongful discharge in contravention of public policy. (See also: Stevenson v. Superior Court, supra, 16 Cal.4th 880 [common law cause of action for wrongful discharge in violation of public policy in FEHA against age discrimination not subject to exhaustion-of-administrative-remedies rule].) Appellant does appear to have pleaded a common law cause of action for wrongful discharge in violation of the public policy in FEHA against

work overtime every Friday and Saturday from mid February through mid November.

## RETALIATION ACTS IN VIOLATION OF PUBLIC POLICY BY DAVE BOWA:

Dave Bowa did Retaliate against me in Violation of Public Policy because I made a Discrimination Claim to Him and Against him and also because I have a Discrimination Claim against another past Employer. He made it Clear several times that I would be Terminated in the future. . *"He also stated that Perry is just going to get rid you one day soon."* He Threatened me several times with the Same Statement. His Friend Modesto whom he rides back and forth to work and he talks with about everything at work made the same statement. He Retaliated in other ways by Harassment, Bad Treatment, he even stated to me several times that: *"I should look and find another Job because I am Not a Perry Tool & Research type of Worker."* The Employer also Terminated me as he Threatened me they would do.

## RETALIATION ACTS IN VIOLATION OF PUBLIC POLICY BY DAVE BURTON:

Dave Burton had a Duty that is Required by Law and their own Company Policy to to: RESPOND TO, INVESTIGATE, TAKE CORRECTIVE ACTION AND FAILED TO INFORM ME OF CORRECTION ACTION IN DISCRIMINATION AND RETALIATION CLAIM. Dave Burton was well aware of that Happened and His Legal Duty to Protect me from Unlawful Discrimination and Retaliation. He also was the Person in charge of Terminating my Employment in Retaliation for Discrimination and Retaliation Claims in Violation of Public Policy. He acted with my Supervisor with full agreement with all Acts because he is my Supervisors Superior Management Officer.

FACTS OF PRIMA FACIE CASE: I was told I was doing my Job Satisfactory by Dave Burton HR Manager several times. I was Threatened by my Supervisor that I would be Laid

Retaliation, which is outside the scope of the exhaustion-of-administrative-remedies rule.

I was Terminated in Violation of California Public Policy because I made a Discrimination and Retaliation Claim.

Here are Factual Circumstance as Indirect Evidence in Support of this Claim:

Dave Bowa made the threat that I would be laid off and replaced by another new worker. He made this same threat 5 other times. October 12th, 2007 at approx 6AM, On or about July 16. 2007 at 3:15 PM; On or about July 24th, 2007 at approximately 8:50 AM; Thursday July 26, 2007 at or about 1:30 PM; April 17th, 2007; January 7th, 2008 at 5:30AM. (Dave Bowa)

The Production Manager Dave I don't remember his name, Dave Burton Human Resources Manager and the Secretary Marge all seen the Minute Order which they all asked me about. April 26, 2007. I showed my Supervisor Dave Bowa a Minute Order Ordering me to come to a Hearing at the U.S.D.C. Eastern Dist. Sacramento May 3rd, 2007. Dave seen it was a Discrimination Case with a past employer April 26th, 2007. He starting asking me questions about it immediately. In fact over the next 3 weeks Modesto the Worker he rides back and forth to work with started asking me every day about it. He (Modesto) told me Dave talks with him about everything at work when they drive home in the evening and the morning when they come to work. I was harassed and Threatened almost daily for the next Month and half until I made a Discrimination Claim with Dave my supervisor and with Dave Burton the Human Resources Manager. I made a verbal Discrimination Claim on May 23, 2007 at 3PM during my normal working hours. Modesto approached me many times over the next month about that Discrimination Suit against another Employer. I was approached at least 2 times per week from April 26th, 2007 till July of 2007, by Modesto doing Dave Bowa's dirty work of talking to me about the Discrimination Claim against Dave Bowa and that other Employer. *"He also stated that Perry is just going to get rid you one day soon."* (Dave Bowa)

I did make a Discrimination (ADEA) claim with you on October 11, 2007 at about 12:45 PM. I was laid off for the week and another Considerably Younger Employer Daniela was being trained for my position. I made an Objection and Protest to you for Discrimination in Employment ADEA. When I came down to the Shop you asked Dave Bowa if there was any work for me. Dave Bowa stated at that time that there was No work for me. We both notice that Daniela and a Temporary Employee was being Trained to do my job. I told you that was clear Discrimination and a violation of ADEA. You told me that you would look into and investigate that claim. I have had many incidents of Harassment and Retaliation for making Discrimination Claims with Dave Bowa my supervisor and you Dave Burton. Now you are Retaliating against me like I was told by Dave Bowa you would be doing. (Dave Burton)
I make this Timely OBJECTION and Protest to Discrimination and Retaliation and violation of your own Discrimination Policy.

I am not even asked to work overtime by Dave since this Harassment begun. Avena stated several times to me Dave did not want me to work overtime. He is doing my loctite job on Friday over time. I Must Protest and Object to this Unfair and Un-Equal Treatment. This is another form of Treatment that is Un-Fair, Un-Just and Retaliatory, Since April 26, 2007, till present time. (Dave Bowa) (Dave Burton)

Let Notice be taken here, that all other Employees, Temp Workers where all asked to

off TERMINATED because made several Discrimination and Retaliation Claims and I was Terminated from my Employment. My Supervisor Threatened me with Termination several times. I was Terminated without Just Cause in Retaliation for making Discrimination and Retaliation Claims and for Discrimination and Retaliation Claim against another Past Employer. All the Acts are in Violation of California Public Policy. SEE: **(EXHIBITS # A, B, C, D.)**. As DIRECT EVIDENCE. Thus, I have Pleaded a Prima Facie Case of Retaliation in Violation of Public Policy with Direct and Indirect Evidence in Support.

## ( #4.) - (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY BY EMPLOYER)

On January 10, 2008, I was Wrongfully Terminated by the Named Employer in Violation of California Public Policy. The Named Employer did Willfully, Intentionally, Knowingly and Deliberately, Wrongfully Terminate my Employment because I made Discrimination and Retaliation Claim and because I have a Discrimination and Retaliation Suit with another past Employer. They Acted with Ill-Will, Spite and Indifference and without Regard to my Civil and Constitutional Rights and ADEA and Anti- Retaliation Law Federal; FEHA and Anti-Retaliation in Violation of Public Policy for making Discrimination Claim. At- Will Employment Contract or Understanding is in Conflict with California Public Policy.

> We declined in Foley to determine whether the violation of a statute or constitutional provision is invariably a prerequisite to the conclusion that a discharge violates public policy. A review of the pertinent case law in California and elsewhere, however, reveals that few courts have recognized a public policy claim absent a statute or constitutional provision evidencing the policy in question. Indeed, as courts and commentators alike have noted, the cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute (see, e.g., Tameny, supra, 27 Cal.3d 167 [employee discharged for refusing to participate in illegal price-fixing scheme]; Petermann v. International Brotherhood of Teamsters, supra, 174 Cal. App.2d 184 [employee terminated for refusing to perjure himself before state legislative committee]); (2) performing a statutory obligation (see, e.g., Nees v. Hocks, (1975) 272 Ore. 210 [536 P.2d 512] [performing jury duty]); fn. 4 (3) exercising a statutory right or privilege (Wetherton v. Growers Farm Labor Assn., (1969) 275 Cal. App. 2d 168 [79 Cal.Rptr. 543] [1 Cal.4th 1091] [engaging in union activities]); and (4) reporting an alleged violation of a statute of public

Importance (<u>Hentzel v. Singer Co.</u>, (1982) 138 Cal. App. 3d 290 [188 Cal.Rptr. 159, 35 A.L.R.4th 1015]; see generally Note, <u>Protecting Employees At Will Against Wrongful Discharge; The Public Policy Exception (1983) 96 Harv. L. Rev. 1931, 1936-1937; Rust et al., Employee Termination At Will: A Principled Approach (1982) 28 VIII. L. Rev. 1, 26-27.)</u>

Before private employer may discharge employee for his exercise of constitutionally protected right, employer must be able to show that the restraint upon the protected right rationally relates to enhancement of the employer's business, that benefit to employer outweighs resulting impairment of constitutional rights, and that no alternatives less subversive of constitutional rights are available. <u>Thornton v. Department of Human Resources Development</u>, (1973) 107 Cal.Rptr. 892, 32 C.A.3d 180.

At-Will Employment does Not offer Protection against Wrongful Termination in Violation of Public Policy. Business Necessity has to be Truly Legitimate and Proven beyond a Reasonable Doubt that there was No Intent to Violate Public Policy.

In this matter the Discrimination and Retaliation Claims where made several Months before Employer Terminated my Employment with them. Thus, is established that the Business Necessity for Terminating my Employment with the Named Employer is Not Valid and Not a Defense against this Claim. The Employers Timing suggests a Wanton, Willful and Deliberate Violation of Public Policy.

## ( # 5.) - (WRONGFUL TERMINATION IN RETALIATION FOR DISCRIMINATION AND RETALIATION CLAIM.)

The Named Employer did Wrongfully Terminate my Employment in Retaliation for Discrimination Claim and Discrimination and Retaliation Suit with another Past Employer. The Named Employer did Act Willfully, Deliberately, Wantonly, Knowingly, with Intent on Malice. The Employer did Act with Spite, Willfulness, Indifference to and without Regard for my Civil Rights and the Federal and California State Law. The Employer did Terminate my Employment with full Understanding and Knowledge and Willfulness, that they where Violating my Civil Rights and Federal ADEA and Anti-Retaliation Laws and California State Law FEHA. The

Named Employer did Willfully, Deliberately, and Knowingly with Wanton Intent Wrongfully Terminate my Employment without Just Cause. The Name Employer did Act with Full Intent and Knowledge to Retaliate and Wrongfully Terminate my Employment in Retaliation for Discrimination and Retaliation Claim. Also in Retaliation for Discrimination Suit against another past Employer. FACTS OF PRIMA FACIE CASE: I made several Discrimination and Retaliation Claims and I was told that I was Preforming my Job Satisfactory, and I was Wrongfully Terminated for making those Discrimination and Retaliation Claims. They Threatened me several times saying that they where going to Terminated my Employment. The Casual link is saying that they where going to take this Action.

> To make out prima facie case of retaliatory discharge in violation of Title VII, plaintiff must establish: (1) that he engaged in protected activity; (2) that defendants took adverse employment action against him; and (3) that causal connection existed between protected activity and adverse action. Green v. Clarendon County School Dist. Three D.S.C.1996, 923 F. Supp. 829; Hoeppner v. Crotched Mountain Rehabilitation Cen, ter, Inc., C.A.1 (N.H.) 1994, 31 F.3d 9. Federal Civil Procedure Sect. 2544; Essex v. United Parcel Service Inc., C.A.7 (Ind.) 1997, 111 F.3d 1304. ;..he was discharged after or contemporaneous with that activity, and causal link existed between protected activity and threats to sue; and loss of his job. Woodson v. Scott Paper Co., E.D.Pa.1995, 898 F. SUPP. 298, affirmed in part, reversed in part 109 F.3d 913, rehearing and suggestion for rehearing in banc denied, certiorari denied 118 S.Ct. 299, 522 U.S. 914, 139 L. Ed.2d 230; see also: Munday v. Waste Management of North America, Inc., D.Md.1994, 858 F. SUPP. 1364, affirmed in part, reversed m part 126 F.3d 239, certiorari denied 118 S.Ct. 1053, 522 US, 1116, 140 L. Ed.2d 116, on remand 997 F. Supp. 081.

Thus, I have Pleaded a Prima Facie Case of Wrongful Termination in Retaliation for making Several Discrimination Claims. Also they Violated their Own Company Policy on Discrimination and Retaliation Claims.

## ( #6.) - (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.)

The Named Employer and Defendants did Intentionally act to Inflict Emotional Distress. I have trouble eating, Sleeping, I have anxiety Attacks, Depression and general

feeling of worthlessness. I will plead this cause of action more in time when I feel more effects. I feel the effects of feeling Depressed, troubled and mentally hurt.

## (IN CONCLUSION)

Let Notice be taken here that I need Not Exhaust Administrative Remedies before filing of Suit for ADEA.

In contrast to Title VII, ADEA does not require that EEOC issue Right to Sue Letter to commence Federal Lawsuit. Crossman v. Crosson, E.D.N.Y. 1995, 905 F. Supp. 90, Affirmed, 101 F.3d 684. See also: Castle v. Sangamo Weston, Inc., CA 11 (Fla.) 1984, 744 F.2d 1464.   Did not preclude private plaintiffs from continuing to pursue action filed before EEOC suit. Burns v. Equitable Life Assur. Soc. Of US, S.D.N.Y. 1982, 530 F. Supp. 768, Affirmed, 696 F.2d 21, Cert. Den., 464 US 933, 104 S. Ct. 336, 78 L. Ed. 2d. 306.

I need not Exhaust Administrative Remedies before bringing suit against Individually Named Supervisor and HR Manager, in Retaliation Action in Violation of California Public Policy.

Appellant also contends that his cause of action is not barred by the failure to exhaust administrative remedies because Rojo v. Kliger, (1990) 52 Cal.3d 65 *makes it clear that the exhaustion rule does not apply to common law causes of action for wrongful discharge in contravention of public policy.* (See also: Stevenson v. Superior Court, supra, 16 Cal.4th 880 [common law cause of action for wrongful discharge in violation of public policy in FEHA against age discrimination not subject to exhaustion-of-administrative-remedies rule].) Appellant does appear to have pleaded a common law cause of action for wrongful discharge in violation of the public policy in FEHA against Retaliation, which is outside the scope of the exhaustion-of-administrative-remedies rule.

## (DAMAGES SOUGHT)

I MOVE THE COURT TO GRANT THE FALLOWING MONETARY DAMAGES FOR DISCRIMINATION AND RETALIATION.

ADEA CLAIM:  TREE HUNDRED THIRTY THOUSAND DOLLARS                    $     330,000.00

RETALIATION FOR DISCRIMINATION CLAIM EMPLOYER:   TREE HUNDRED THIRTY THOUSAND DOLLARS.                                                           $     330,000.00

PUNITIVE DAMAGES EMPLOYER:    TWO MILLION FIVE HUNDRED

| | | |
|---|---|---|
| THOUSAND DOLLARS | $ | 2,500,000.00 |
| EMOTIONAL DISTRESS: EMPLOYER TWO HUNDRED THOUSAND DOLLARS. | $ | 200,000.00 |
| DAMAGES AGAINST DAVE BOWA: TWO HUNDRED THOUSAND DOLLARS. | $ | 200,000.00 |
| DAMAGES AGAINST DAVE BURTON: TWO HUNDRED THOUSAND DOLLARS | $ | 200,000.00 |
| WRONGFUL TERMINATION EMPLOYER RETALIATION UNDER FEDERAL LAW:   ONE MILLION DOLLARS. | $ | 1,000,000.00 |
| WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY: ONE MILLION FIVE HUNDRED THOUSAND DOLLARS. | $ | 1,500,000.00 |

I MOVE THE COURT TO GRANT ALL THE ABOVE DAMAGES AS A MATTER OF RIGHT, LAW AND RULE.

I WILLIAM J. WHITSITT, _[signature]_, THIS THE 31st DAY OF FEBRUARY, 2008, DO HERE DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER THE PENALTY OF LAW.

RESPECTFULLY SUBMITTED

_[signature]_
WILLIAM J. WHITSITT
DATED: January 31, 2008