MARY P. SULLIVAN (# 176195)
VERONICA O. BENIGNO (# 238053)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: msullivan@bowlesverna.com

Attorneys for Defendants
Perry Tool & Research, Dave Burton, Tevita David Moa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>vs.<br><br>PERRY TOOL & RESEARCH, et al.,<br><br>Defendants. | CASE NO.: C 08-00771 WDB<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER<br><br>CASE MANAGEMENT CONFERENCE<br><br>Date: May 20, 2008<br>Time: 4:00 p.m.<br>Place: Courtroom 4 |

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-9, Plaintiff pro se William J. Whitsitt and Defendants Perry Tool & Research, Inc., Dave Burton, and Tevita David Moa, incorrect sued herein as "David Bowa", jointly submit this Case Management Statement and Proposed Order. The parties certify that they met and conferred for the preparation of this Statement as required by Civ. L.R. 16-3.

The parties make the following representations and recommendations:

**A. JURISDICTION AND SERVICE**

There are no issues as to service of process or venue. All Defendants to this action have been served. There are no additional parties that either party intends to join.

///

///

**B. JOINT STATEMENT OF FACTS**

Pro se Plaintiff William J. Whitsitt filed this action pursuant to Title VII of the Civil Rights Act of 1964 and related California statutes and causes of action arising from his claim that Defendants discriminated against him based on his age discrimination and retaliation. Mr. Whitsitt was employed at Defendant Perry Tool & Research on or about December 29, 2006 as a Temporary Employee and became a full-time employee on or about April 1, 2007. Mr. Whitsitt alleges that he was harassed while employed at Perry Tool & Research and he was discriminated on the basis of his age and retaliated against when he was terminated from his employment.

Defendants deny that they took any unlawful action against Mr. Whitsitt or laid him off for any unlawful reason. Perry Tool & Research, Inc. denies in the strongest terms possible that Mr. Whitsitt's age had any bearing on its decision to terminate his employment. The downturn in the economy and the resulted impact on Perry Tool & Research's business necessitated the implementation of cost saving measures. The fact is that Mr. Whitsitt was laid off by Perry Tool & Research at the same time many others were and these employees were all of differing ages.

**C. PRINCIPAL ISSUES**

    **1. The principal factual issues that are in dispute are:**

        a. Defendant Perry Tool & Research, Inc. terminated Mr. Whitsitt due to business necessity and not because of his age;

        b. Perry Tool & Research did not know of the facts or circumstances of Mr. Whitsitt's lawsuit against a former employer, which was based on discrimination and retaliation and therefore, did not use that lawsuit as a basis for its decision to terminate Mr. Whitsitt;

        c. Mr. Whitsitt did not inform Defendants of his claims for discrimination while employed Perry Tool & Research, Inc.;

        d. Perry Tool & Research, Inc. had a non-discriminatory basis for its decision to terminate;

        e. Whether Dave Burton knew of the facts and circumstances of Mr. Whitsitt's other Complaint against a former employer;

      f. Mr. Whitsitt did not suffer any harm, emotional distress or pain and suffering as a result of the acts alleged in the Complaint.

2. **The principal legal issues that are in dispute are:**

      a. Whether Defendants terminated Mr. Whitsitt because of his age;

      b. Whether Defendants terminated Mr. Whitsitt in retaliation for making complaints about discrimination;

      c. Whether Defendants violated the Fair Employment and Housing Act;

      d. Whether Mr. Whitsitt is entitled to monetary damages pursuant to the Age Discrimination in Employment Act;

      e. Whether Mr. Whitsitt can establish that his age was a substantial factor in his termination;

      f. Whether Mr. Whitsitt can establish that his complaints of discrimination and harassment was a substantial factor in his termination;

      g. Whether Defendants had a legitimate business reason for terminating Mr. Whitsitt.

## D. MOTIONS

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation: Both parties plan to file Motions for Summary Judgment.

## E. EVIDENCE PRESERVATION

There are no issues with regard to evidence presentation known to the parties at this time.

## F. DISCLOSURES

The parties certify that they have made the following disclosures:

All initial disclosures required by Federal Rule of Civil Procedure 26 will be made no later than May 1, 2008.

The parties will supplement disclosures as required by Federal Rule of Civil Procedure 26.

## G. DISCOVERY

1. **The parties have conducted or have underway the following discovery:**

To date, no discovery has begun.

///

**2. The parties negotiated the following discovery plan:**

Each party intends to pursue the following methods of discovery: Interrogatories, Document Requests, and Requests for Admissions and Depositions. Defendants may also seek a Rule 35 mental and physical examination of Plaintiff. The parties reserve the right to seek more than 25 interrogatories if necessary.

The parties propose a non-expert discovery cut-off in September 2008. Expert disclosures will be made in October 2008 and rebuttal expert disclosures will be made no later than late October 2008, early November 2008.

**3. Limitations on Discovery Tools**

The parties agree that all discovery can proceed within the current limitations established by the Federal Rules of Civil Procedure.

**4. Discovery from Experts**

Plaintiff does not anticipate calling any expert witnesses at this time. Defendants may offer expert testimony as to Defendants claims for emotional distress and related conditions. The parties reserve the right to offer expert testimony regarding any and all other issues that are revealed during the discovery process.

**H. RELATED CASES**

There are no related cases.

**I. RELIEF**

In his Complaint, Plaintiff prays for monetary damages against Defendant Perry Tool & Research, Inc. in the amount of $330,000 for each of his ADEA and retaliation causes of action; $200,000 for emotional distress; $1.5 million for wrongful termination in violation of public policy; $1 million for retaliation under federal law; and $2.5 million in punitive damages. Plaintiff further seeks $200,000 against each Dave Burton and Tevita David Moa, incorrectly sued herein as "David Bowa."

**J. SETTLEMENT AND ADR**

The parties are amenable to attempting resolution through the Court's Alternative Dispute Resolution Program.

///

L. TRIAL

The parties request a trial no earlier than November 2008. The parties estimate the trial will last between four and seven days.

M. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

There are no such "Interested Entities or Persons" who have a financial interest in this litigation or who could be substantially affected by the outcome of this proceeding.

**IDENTIFICATION AND SIGNATURE OF PLAINTIFF PRO SE AND LEAD TRIAL COUNSEL FOR DEFENDANTS**

Dated: May 1st, 2008

WILLIAM J. WHITSITT
Plaintiff pro se
335 W. Clover Rd.
Tracy, CA 95376
Tel. No. (209) 221-1405

Dated: May 7, 2008

MARY P. SULLIVAN
VERONICA ANN O. BENIGNO
Attorneys for Defendants
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
Tel. No. (925) 935-3300

1  (PROPOSED) CASE MANAGEMENT ORDER

2  The Case Management Statement and the Proposed Order are hereby adopted by the Court as

3  the Case Management Order, and the parties are ordered to comply therewith. In addition, the Court

4  orders: _____

5  _____

6  _____.

7

8  DATED: _____, 2008

                                     WAYNE D. BRAZIL
9                                       UNITED STATES DISTRICT JUDGE

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

# PROOF OF SERVICE
## (Whitsitt v. Perry Tool et al. U.S. D.C. Case No. C08-00771 WDB)

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Bowles & Verna, and my business address is 2121 North California Blvd., Suite 875, Walnut Creek, California 94596.

On May 7, 2008, I caused to be served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

on the parties involved addressed as follows:

William Whitsitt
335 W. Clover R
Tracy, CA 95376
(209) 221-1405
**In Pro Per**

___ **BY PERSONAL DELIVERY:** *I caused each such envelope to be delivered by hand to the above named individuals personally.*

_X_ **BY MAIL:** *I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Walnut Creek, California. I am readily familiar with the business practice for collection and processing of mail in this office; that in the ordinary course of business said document would be deposited with the US Postal Service in Walnut Creek on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this declaration.*

___ **BY FACSIMILE:** *By use of facsimile machine telephone number 925-256-1755 or 925-935-0371, I served a copy of the within document on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.*

___ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** *I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's business practice the document described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized courier or driver authorized by Federal Express to receive documents on the same date that it is placed at Bowles & Verna for collection.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
EXECUTED: May 7, 2008, at Walnut Creek, California.

*[signature]*
Bonnie Mills

Law Office Of
Bowles & Verna
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

{00125181.DOC; 1}        -1-

PROOF OF SERVICE